UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DARNELL EPPS,

                    Petitioner,

      -against-

THOMAS POOLE, Warden, Five Points
Correctional Facility

                    Respondent.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
07 CV 3432

DEARIE, Chief Judge.

By Memorandum & Order dated May 13, 2010, this Court denied petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and denied a certificate of appealability. Counsel for petitioner filed a notice of appeal on May 28, 2010.

By papers dated May 24, 2010, petitioner moves pro se for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure, and by letter dated September 2, 2010, he requests permission to file a supplemental memorandum of law.   In addition, by papers dated January 5, 2011, he seeks relief pursuant to Federal Rules of Civil Procedure Rule 60(b).  For the reasons set forth below, petitioner's Rule 59 and Rule 60 motions and request to file a supplemental memorandum are denied.

## Discussion

The facts in this case are set forth in detail in this Court's ruling on petitioner's § 2254 motion, familiarity with which is assumed.  Petitioner was found guilty of depraved indifference murder and sentenced to an indeterminate term of seventeen and one-half years to life in prison in connection with the fatal shooting of Derek Warren inside the Grace Grocery store in Brooklyn, New York.  Petitioner's brother, Daryl Epps, fired at Warren five times at close range,

hitting him in the head and neck. Petitioner pulled out a gun, but did not shoot. He moves for

reconsideration on the ground that this Court improperly denied his challenge to the sufficiency

of the evidence.

A Rule 59 motion for reconsideration "is not an 'opportunity for making new arguments

that could have been previously advanced,' nor is it a substitute for appeal." Gibson v. Comm'r

of Mental Health, No. 04-CV-4350, 2009 WL 331258, *2 (S.D.N.Y. Feb. 11, 2009) (internal

citations omitted). It "is not a 'second bite at the apple' for a party dissatisfied with a court's

ruling, nor is it an opportunity to 'advance new facts, issues or arguments not previously

presented to the Court.'" Allen v. Costello, No. 03-CV-4957 (RJD)(LB), 2008 WL 361191, *1

(E.D.N.Y., Feb. 8, 2008) (internal citations omitted). Reconsideration "will generally be denied

unless the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court," Grancio v. DeVecchio, 608 F. Supp. 2d 362, 364 (E.D.N.Y. 2009)

(quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)), and the question "is

within the sound discretion of the district court," Patterson v. United States, No. 04-CV-3140,

2006 WL 2067036, *1 (S.D.N.Y. July 26, 2006).

Generally, a Rule 60(b) motion for relief from a judgment or order "must be predicated

on one of five narrow and specific grounds." Harris v. U.S., 367 F.3d 74, 80 (2d Cir. 2004).

They are :

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence could not have been discovered in time to
> move for a new trial under Rule 59(b); (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4)
> the judgment is void; (5) the judgment has been satisfied, released, or discharged;

it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Fed. R. Civ. P. 60(b). Moreover, Rule 60(b)(6), which provides as grounds any other reason that justifies relief, "despite its open wording, has been narrowly cabined by the precedent of [the Second Circuit]." Harris, 367 F.3d at 80. "It is well established . . . that a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." Id. at 81 (internal quotation marks omitted).

In his Rule 59 motion, petitioner argues that this Court failed to apply a "presumption of correctness" to the trial court's determination at the charging conference that there was no reasonable view of the evidence that could support a jury finding of criminally negligent homicide as a lesser included offense. In addition, he claims that this Court improperly considered his conflicting statements to the police used for impeachment purposes when he testified. Petitioner does not contend that the Court overlooked any controlling legal authority or factual information in the record. Accordingly, his Rule 59 motion for reconsideration and request to file additional papers are denied.

Petitioner largely recasts these same claims as challenges to the integrity of the habeas proceedings in his application for Rule 60(b) relief. He argues that this Court's decision contravened principles of collateral estoppel by ignoring the state court's factual determinations made during the charging conference and that the government has "engaged in a perpetual pattern of misconduct by encouraging the courts to draw inferences of guilt from matters not in evidence and contradicting their previously held views of the evidence." (Mot. at 24.) To the extent that petitioner contends that this Court has misapplied the law, his claims may be within the ambit of

Rule 60(b)(1). <u>Serrano v. Smith</u>, No. 05 Civ. 1849, 2009 WL 1390868, *2 (May 13, 2009) (listing district court cases in the Second Circuit "interpret[ing] Rule 60(b)(1) to encompass judicial error). Nonetheless, "[a] Court should not reconsider issues already examined simply because Petitioner is dissatisfied with the outcome of his case." <u>Id.</u> (internal quotation marks omitted).

Petitioner's disagreement with this Court's resolution of his habeas petition is not grounds for relief under Rule 60(b)(1), and he has not presented any exceptional circumstances warranting relief under Rule 60(b)(6). Accordingly, petitioner's Rule 60(b) motion is denied.

## Conclusion

Because petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. 28 U.S.C. §2253(c)(2). In addition, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.
Dated: Brooklyn, New York
January 20, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

4